878 F.2d 1447
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James E. HARRIS, David Waksman, and Robert A. Wise, Petitioners,
v.
DEPARTMENT OF COMMERCE, Respondent.
 Nos. 88-3463, 88-3464 and 89-3001.
 United States Court of Appeals, Federal Circuit.
 June 23, 1989.
 
 Before FRIEDMAN, RICH, and MICHEL, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision was affirmed as modified on September 2, 1988, Docket Nos. DC03518710160, DC03518710161, and DC03518710162, sustaining the United States Department of Commerce's (agency) decisions separating James E. Harris, David Waksman, and Robert A. Wise from their positions through reduction-in-force (RIF) procedures, is affirmed.
 
 OPINION
 
 2
 This court must affirm a decision by the board if we determine it to be supported by substantial evidence, and not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). On the basis of both the record before us and the arguments presented by the parties in their briefs and at oral argument, we conclude that Harris, Waksman, and Wise have not provided us with grounds to disturb the board's decision.
 
 A. Shortage of Funds
 
 3
 Harris and Wise argue that the agency's RIF violated 5 C.F.R. Sec. 351.201(a)(2) because there was no shortage of funds for their particular positions. Harris and Wise contend that it was reversible error to separate them when their positions were funded, and to give their work to employees who had been working on projects that were to lose funding. We disagree.
 
 
 4
 Here, pursuant to section 351.201(a)(2), the agency based its RIF on a "shortage of funds." Contrary to Harris' and Wise's arguments, there is no requirement by law that the shortage of funds relate specifically to the positions sought to be abolished. Rather, it is well established that an agency is accorded wide managerial discretion in conducting a RIF. Cooper v. Tennessee Valley Authority, 723 F.2d 1560, 1562 (Fed.Cir.1983). The choice to abolish a specific position pursuant to a RIF based on a shortage of funds clearly is within the managerial discretion of the agency. Harris and Wise have failed to persuade us that the board erred by sustaining that exercise of discretion.
 
 B. Bumping Rights
 
 5
 Harris, Waksman, and Wise contend that the board committed three legal or procedural errors in sustaining the agency's "bumping" determination. First, in concluding that they were not capable of bumping any other employee, Harris, Waksman, and Wise argue that the board committed reversible error by relying upon position descriptions, including trivial portions of the position descriptions, rather than upon the critical elements of each position. We are not persuaded. In sustaining the agency's RIF actions, the board reviewed and relied not only upon the various position descriptions, but also upon other documentary evidence and, in particular, upon the testimony of members of a RIF panel consisting of six managers from all areas of the agency. Harris', Waksman's, and Wise's argument amounts to nothing more than a disagreement with the weight given by the board to the evidence before it. Before the board, they simply failed to demonstrate "a positive ability to successfully perform all critical elements of the specific position[s]" sought. 5 C.F.R. Sec. 351.702(a)(4) (1988).
 
 
 6
 The second ground of legal error cited by Harris, Waksman, and Wise is that the board, in determining whether they demonstrated their capability to bump into a particular position, failed to consider the 90-day grace period for orientation to a new position. This argument is frivolous. Our review of the record indicates that the board clearly considered the 90-day period in sustaining the agency's RIF action.
 
 
 7
 Finally, Harris, Waksman, and Wise contend that the agency failed to specify and defend its grounds for denying them bumping rights. They argue that the board, in sustaining the agency's denial of bumping rights, relied upon "post-hoc rationalizations" that were not relied upon by the agency when it made its decisions. This argument is meritless. After a careful review of the record, we must conclude that Harris, Waksman, and Wise have not established that the agency, in conducting the RIF, failed to comply with the regulations set forth in 5 C.F.R. Part 351.